**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PEDRO VICIOSO DE LIMA,<br><br>     Petitioner,<br><br>     v.<br><br>WARDEN, FCI FT. DIX NJ,<br><br>     Respondent. | Civil Action No. 24-6925 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

  This matter comes before the Court on the habeas petition filed by Petitioner Pedro Vicioso De Lima pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

**I.** **BACKGROUND**

  Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) In his petition, Petitioner contends that he has been improperly listed as ineligible to earn credits under the First Step Act by the BOP. (*Id.* at 2, 16-18.) Specifically, Petitioner contends that he is being denied eligibility based solely on an immigration detainer, rather than

because of a final order of removal. (*Id.*) Although Petitioner contends that he has begun the administrative review process for his claim by filing a prison grievance, he lists that grievance as "pending," admits that he has yet to exhaust his claims, and contends that he need not exhaust his claims. (*Id.* at 2; 18.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. DISCUSSION

In his current petition, Petitioner argues that he has been improperly deprived of good time credits under the First Step Act. Under the First Step Act, federal prisoners who meet certain criteria, including engaging in recidivism reduction programs, are entitled to earn a number of good conduct credits, to a maximum of 365 days' worth, to be applied towards early supervised release. *See* 18 U.S.C. § 3632(d)(4). Although the statute itself only excludes prisoners from

accruing credits based on immigration status if those inmates are subject to a final order of removal, the BOP previously interpreted the statute to consider all inmates who are subject to immigration detainers to be ineligible. In February of 2023, however, the BOP altered that policy to permit those inmates who are subject to immigration detainers but not a final order of removal to accrue and apply FSA credits towards early supervised release. *See* U.S. Dep't of Justice, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 2, 2023). As such, it fully appears that, to the extent Petitioner is correct that he has been denied eligibility solely on the basis of an immigration detainer, Petitioner's failure to accrue credits is entirely a result of Petitioner's failure to pursue administrative remedies and request credits following the issuance of the 2023 policy change. Indeed, as the BOP is the administrative entity tasked with calculating the number and applicability of federal prison credits, the BOP has the full ability and authority to correct factual or calculation errors and apply additional credits as needed. *Barksdale v. Sing Sing*, 645 F. App'x 107, 109-10 (3d Cir. 2016). The BOP thus can, through its prison grievance systems, provide Petitioner with the relief he seeks if Petitioner's factual contentions are correct.

Petitioner's failure to pursue grievance procedures *before* filing this habeas matter prevents him from litigating this issue before this Court. Habeas petitioners are required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL

5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Because Petitioner asserts facts which would render him eligible for credits under the amended policy discussed above, and the BOP has the power and authority to correct improper calculations of credits and determinations of credit eligibility, exhaustion would not be futile in this case as the relief sought is directly available through proper grievance procedures. As such, this Court perceives no basis for Petitioner to avoid the exhaustion requirement. Because Petitioner has failed to show any basis for not applying the exhaustion requirement, as exhaustion would not be futile in this case, and as Petitioner can secure relief through administrative exhaustion, and as this Court perceives no basis for excusing the failure to exhaust in this case, this matter must be dismissed without prejudice in light of Petitioner's failure to fully and properly exhaust his administrative remedies prior to filing suit.

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge